IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR PEREANEZ-CARMONA, § | | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-153 |
| | § | Criminal No. B:14-126-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 23, 2016, Petitioner Julio Cesar Pereanez-Carmona filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.[1]

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is plain from the record that the petition is legally meritless.

### I. Procedural and Factual Background

On February 25, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Pereanez-Carmona for illegally re-entering the United States after having been previously deported[2], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Pereanez-Carmona, Criminal No. 1:14-126-1, Dkt. No. 6 (hereinafter "CR").

---

[1] The motion was received by the Court on June 27, 2016. Dkt. No. 1. Pereanez-Carmona certifies that he placed his motion into the prison mail system on June 23, 2016. Dkt. No. 1, p. 13. Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Accordingly, the Court considers the motion to have been filed on June 23, 2016.

[2] While the indictment alleged that Pereanez-Carmona had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

**A. Re-Arraignment**

On April 10, 2014, Pereanez-Carmona appeared before the Magistrate Judge and entered a guilty plea – pursuant to a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 16.

Pereanez-Carmona's written plea agreement indicates that he knowingly and voluntarily waived his appellate rights. CR Dkt. No. 16, ¶ 11.

Paragraph 10 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 26, ¶ 11 (emphasis original).

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Pereanez-Carmona's guilty plea. CR Dkt. No. 14.

On July 14, 2014, the District Judge adopted the report and recommendation, accepting Pereanez-Carmona's plea of guilty. CR Dkt. No. 25.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Pereanez-Carmona was assessed a base offense level of eight. CR Dkt. No. 20, pp. 4-5. He was assessed a 16-level enhancement for a prior crime of violence – a 2011 state conviction for burglary of a habitation. Id. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Pereanez-Carmona was assessed a total offense level of 21. Id.

Regarding his criminal history, Pereanez-Carmona had nine adult criminal convictions and was assessed 13 criminal history points. CR Dkt. No. 20, pp. 5-10. He was also assessed an additional two points, because he was on supervised release at the time that he committed

the instant offense. Id. Thus, he was assessed 15 total criminal history points, resulting in a criminal history category of VI. Id. A base offense level of 21 and criminal history category of VI, produced a guideline imprisonment sentencing range of 77 to 96 months.

On September 23, 2014, Pereanez-Carmona was sentenced to 77 months of incarceration, three years of supervised release, and a $100 special assessment, which was ordered remitted. CR Dkt. No. 28. The judgment was entered on October 15, 2014 . Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Pereanez-Carmona's deadline for filing a notice of appeal passed on October 29, 2014.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On June 23, 2016, Pereanez-Carmona timely[3] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Pereanez-Carmona raises one claim: (1) that the definition of "crime of violence" used in the sentencing guidelines is void for vagueness, under the rationale of Johnson v. U.S., 135 S.Ct. 2551 (2015). Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

---

[3] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson v. U.S., was decided on June 26, 2015. Pereanez-Carmona filed his petition within one-year from the date which Johnson was decided. Therefore, the petition is timely.

## II. Applicable Law

### A. Section 2255

Pereanez-Carmona seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Pereanez-Carmona's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

4

### A. Waiver of Appellate Rights

Pereanez-Carmona waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement with the United States. This waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).[4]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Pereanez-Carmona knowingly and voluntarily waived his appellate rights. Pereanez-Carmona's plea agreement expressly states that he was aware of his right to directly appeal his sentence pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 16. That same paragraph also indicates that Pereanez-Carmona agreed to waive those rights.

Pereanez-Carmona has not provided any evidence to indicate that he was unaware of or misunderstood any of the terms within the plea agreement; or evidence to indicate that he pled guilty involuntarily. Consequently, the record establishes, without a doubt, that Pereanez-Carmona's waiver was knowingly and voluntarily made.

Moreover, Pereanez-Carmona's waiver clearly applies to this case. Pereanez-Carmona is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

Even if Pereanez-Carmona had not waived his right to collaterally attack his conviction, his petition is meritless and should be denied.

---

[4] While the Court has not required the United States to reply to Pereanez-Carmona's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007). Even if Pereanez-Carmona's had not waived his appellate rights, the practical result would be no different, as his claims are substantively meritless.

### B. Crime of Violence

Pereanez-Carmona asserts that the "crime of violence" definition used in the Sentencing Guidelines is void for vagueness under the rationale of Johnson. This claim is foreclosed by case law.

On March 6, 2017, the Supreme Court – considering the language Pereanez-Carmona challenges – held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Beckles v. U.S., __U.S.__, 137 S. Ct. 886, 890 (2017). This decision forecloses any argument attempting to apply the effect of Johnson to the language contained in the Sentencing Guidelines. Accordingly, Pereanez-Carmona's attempt to attack the "crime of violence" enhancement as being void for vagueness must fail. This claim should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Julio Cesar Pereanez-Carmona's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Pereanez-Carmona's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Pereanez-Carmona's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 21, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge